UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

REDPOINT COUNTY MUTUAL   §      No. 1:24-cv-00013-DAE
INSURANCE COMPANY,         §
          *Plaintiff,*        §
                         §
v.                          §
                         §
LINKS INSURANCE SERVICES,   §
LLC, DRIVE SAFE GENERAL     §
AGENCY, LLC D/B/A LINKS      §
INSURANCE SERVICES,         §
CAROLINE GENERAL AGENCY,   §
LLC, LES SCHLESINGER, and    §
JOSHUA SCHLESINGER,       §
          *Defendants.*      §

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation

("Recommendation") filed by United States Magistrate Judge Mark Lane. (Dkt.

# 55.) On March 15, 2024, Defendants Caroline General Agency, LLC, Drive Safe

General Agency, LLC, Links Insurance Services, LLC, Joshua Schlesinger, and

Leslie Schlesinger ("Defendants") filed their Motion to Dismiss. (Dkt. # 19.) On

April 12, 2024, Plaintiff Redpoint County Mutual Insurance Company ("Plaintiff"

or "Redpoint") filed its response in opposition to the motion. (Dkt. # 28.) On

August 6, 2024, Defendants filed their reply. (Dkt. # 40.) On October 22, 2024,

with leave from the Court, Plaintiff filed a sur-reply to the motion. (Dkt. # 43.)

On October 30, 2024, with leave from the Court, Defendants filed their response to Plaintiff's sur-reply. (Dkt. # 48.)

On December 16, 2024, Judge Lane submitted a Report and Recommendation, recommending that the Court grant in part and deny in part the Motion to Dismiss. (Dkt. # 55.) On January 13, 2025, Plaintiff filed Objections to the Recommendation and a Motion for Leave to File Amended Complaint. (Dkt. # 59.) On January 27, 2025, Defendants filed their response to the Objections and motion for leave. (Dkt. # 61.)

The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation. The Motion to Dismiss (Dkt. # 19) is **GRANTED IN PART AND DENIED IN PART.**

<u>BACKGROUND</u>

The Court agrees with Judge Lanes's recitation of the facts and incorporates them in full:

The parties include Plaintiff Redpoint County Mutual Insurance Company, which is a Texas county mutual insurance company licensed to write all lines of automobile insurance in this state. (Dkt. # 16 at 3.) Defendants include Caroline General Agency, LLC, Drive Safe General Agency, LLC, Links

Insurance Services, LLC (the "MGA Defendants") and individuals Joshua

Schlesinger and Leslie Schlesinger (the "Schlesinger Defendants"). (Id. at 5.)

       The MGA Defendants serve as Redpoint's managing general agents to

produce insurance business, underwrite, and issue insurance policies pursuant to

the Managing General Agent Agreements effective August 1, 2018, August 1,

2020, and August 1, 2018, respectively (the "MGA Agreements"). (Id.)

       On November 13, 2023, Redpoint filed a lawsuit in state court,

asserting claims for breach of contract and inspection of books and records against

the MGA Defendants and claims for breach of fiduciary and conversion against all

Defendants. (Dkt. # 1-2.) On January 5, 2024, Defendants removed the case to

federal court based on diversity jurisdiction. (Dkt. # 1.) On March 1, 2024,

Redpoint filed its Second Amended Complaint. (Dkt. # 16.) On March 15, 2024,

Defendants moved to dismiss. (Dkt. # 19.)

APPLICABLE LAW

I.    Review of Report and Recommendation

       The Court must conduct a de novo review of any of the Magistrate

Judge's conclusions to which a party has specifically objected. See 28 U.S.C.

§ 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made."). The objections must specifically identify those findings or

3

recommendations that the party wishes to have the district court consider.

Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider

"[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n,

834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the

magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Findings to which no specific

objections are made do not require de novo review; the Court need only determine

whether the Recommendation is clearly erroneous or contrary to law.  United

States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    Motion to Dismiss

        Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a

complaint for "failure to state a claim upon which relief can be granted."  Review

is limited to the contents of the complaint and matters properly subject to judicial

notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts

'all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)

(quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464,

467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III.    Leave to Amend

After a court enters a scheduling order and the deadline to amend pleadings has passed, the decision on whether to permit post-deadline amendments is governed by Rule 16(b) of the Federal Rules of Civil Procedure.  See Marathon Fin. Ins., Inc., RRG v. Ford Motor Co., 591 F.3d 458, 470 (5th Cir. 2009) (citing Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008)); S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003).  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  If a movant establishes good cause, courts analyze the motion to amend under Rule 15(a).  S&W Enters., 315 F.3d at 535.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  "A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend," but "[t]hat consideration arises only if there are substantial reasons to deny the amendment."  Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (1981).

DISCUSSION

I.    Objections Regarding Conversion Claims Against Schlesinger Defendants

The Magistrate Judge found that the economic loss rule bars Redpoint's conversion claims against all Defendants.  (Dkt. # 55 at 9.)  The Magistrate Judge explains that because Defendants moved to dismiss the conversion claim entirely and Redpoint made no argument that the claim should not be dismissed as to the individual defendants, the conversion claims should be dismissed in their entirety.  (Id. at n.5.)

Redpoint objects to this finding because it claims Defendants' motion to dismiss does not contain an argument that would justify dismissing Redpoint's conversion claims against the Schlesinger Defendants, non-parties to any contract at issue in this proceeding.  (Dkt. # 59 at 3.)  Redpoint further contends that its conversion claims against the Schlesinger Defendants have facial plausibility because the pleadings' factual content allow the Court to draw a reasonable inference that the Schlesinger Defendants are liable for conversion that is not subject to the economic loss rule because the Schlesinger Defendants are not parties to a contract with Plaintiff.  (Id. at 6.)

Defendants respond that the economic loss rule requires dismissal of the conversion claims asserted against Schlesinger—regardless of whether they are a party to the contract.  (Dkt. # 61 at 2.)  Defendants point to Ruiz v. Mackie Wolfe

Zientz & Mann, P.C., where the court explains that "Texas courts apply the economic-loss rule to 'preclude tort claims between parties who are not in contractual privity.'" No. SA-12-CA-744, 2012 WL 12888783, at *7 (W.D. Tex. Sept. 24, 2012), R. & R. adopted sub nom. Ruiz v. Mackie Wolf Zientz & Mann, PC, No. SA-12-CA-744, 2012 WL 12892281 (W.D. Tex. Nov. 2, 2012).

The Court first addresses the waiver issue. In its response to the motion to dismiss, Redpoint argues that "the economic loss rule does not apply to bar Plaintiff's conversion claim" because "[t]he amount of Plaintiffs' conversion claim is the amount wrongfully withdrawn by Defendants, not any specific amount defined in the MGA Agreements." (Dkt. # 28 at 21.) As the Magistrate Judge notes, Redpoint did not make separate arguments about the application of the economic loss rule to the MGA Defendants and to the Schlesinger Defendants. The "failure to brief an argument in the district court waives that argument." Magee v. Life Ins. Co. of N. Am., 261 F.Supp.2d 738, 748 & n. 10 (S.D. Tex. 2003) (citing Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2000). Therefore, the Court agrees Redpoint waived its argument with respect to the conversion claims against Schlesinger Defendants individually.

Even if Plaintiff did not waive the argument, the Court finds that the economic loss rule still applies to the claims against Schlesinger Defendants because under Texas law, privity of contract is not a requirement for application of

7

the economic loss rule.  See Sharyland Water Supply Corp. v. City of Alton, 354 S.W.3d 407, 419 (Tex. 2011); see also Brandon v. Wells Fargo Bank, N.A., 2020 WL 2776714, at *14 n.4 (Tex. App. May 28, 2020, no pet.) (mem. op.) ("The economic-loss rule, when applicable, not only bars claims against those in a direct contractual relationship but also precludes tort claims between parties who are not in contractual privity." (citing cases)); A & H Props. P'ship v. GPM Eng'g, 2015 WL 9435974, at *2 (Tex. App. Dec. 23, 2015, no pet.) (mem. op.) ("The economic-loss rule not only applies to bar claims against those in a direct contractual relationship but also applies to preclude tort claims between parties who are not in contractual privity."); Trebuchet Siege Corp. v. Pavecon Com. Concrete, Ltd., 2014 WL 4071804, at *6 (Tex. App. Aug. 19, 2014, no pet.) (mem. op.) ("The economic loss rule not only applies to bar claims against those in a direct contractual relationship but also applies to preclude tort claims between parties who are not in privity.").

Moreover, the Court finds the Magistrate Judge's (and the Court's own) review of Lincoln General Insurance Company v. U.S. Auto Ins. Services, Inc., 787 F.3d 716 (5th Cir. 2015) and Bates Energy Oil & Gas v. Complete Oilfield Services, 361 F. Supp. 3d 633, 652 (W.D. Tex. 2019) supports dismissal of the conversion claims in their entirety.  Here, Redpoint's conversion claims are based on Defendants' alleged acts of "embezzl[ing] money from the Premium

Escrow Fund." (Dkt. # 16 at 5.) Plaintiff alleges that the "withdrawals" were for large, even-numbered amounts that were "not consistent with usual and customary withdrawals under Article 8.5 of the MGA Agreements." (Id. at 6.) Thus, the conversion allegations demonstrate that the wrongful conduct is based on violations of contractual provisions. See Lincoln, 787 F.3d at 726. Accordingly, the economic loss rule applies to Redpoint's conversion claims.

Therefore, the Court **OVERRULES** Plaintiff's Objections to the recommended dismissal of conversion claims against Schlesinger Defendants.

II.    Objections to Dismissal of Breach of Fiduciary Claims and Constructive Trust Claims Against Schlesinger Defendants

In its Recommendation, the Magistrate Judge found that the Schlesinger Defendants owe no fiduciary duties to Redpoint because the contracts did not impose any fiduciary duties on them. (Dkt. # 55 at 9.) Moreover, Redpoint points to no authority that the court should disregard the corporate structure of the Defendant LLCs and hold their members had a personal fiduciary duty to Redpoint. (Id.) Because the Schlesinger Defendants made no admission that they were individually appointed as MGAs by Redpoint, the Magistrate recommends dismissal of Breach of Fiduciary Claims and Constructive Trust Claims against the Schlesinger Defendants. (Id.)

Redpoint objects to this finding because it contends that it has demonstrated plausible breach of fiduciary duty claims against the Schlesinger

Defendants—officers, directors, and sole members of the MGAs for Plaintiff—
arising out of the "expansive contractual language" in the MGA Agreements.
(Dkt. # 59 at 8.)  Redpoint further object to the Recommendation because the
Schlesinger Defendants individually owe fiduciary duties to Plaintiff and the
Recommendation "misapplies" <u>Lincoln General Insurance Company v. U.S. Auto
Ins. Services, Inc.</u>  (<u>Id.</u> at 3, 6.)  Defendants respond that Redpoint has not actually
identified or pleaded any "expansive contractual language" imposing fiduciary
duties on Schlesinger—because the contracts do not contain any such language.
(Dkt. # 61 at 4.)  Without this language, the contracts cannot be the source of any
fiduciary duties for Schlesinger Defendants.  (<u>Id.</u>)

  The facts surrounding Doug Maxwell in the <u>Lincoln</u> case are not
entirely on point here.  In <u>Lincoln</u>, Doug Maxwell admitted that he "was appointed
as a managing general agent by State and County with respect to business
produced under the Reinsurance Agreements."  <u>Lincoln</u>, 787 F.3d at 730.  It is
undisputed that, here, the MGA Agreements only identify Defendants Links, Drive
Safe, and Caroline as the appointed MGAs for Redpoint.  (Dkt. # 16, Exs. A, B,
C.)  Thus, even if the Schlesinger Defendants are officers or the President of the
listed MGAs, they were not explicitly "appointed a general manager" in their
individual capacity by Redpoint nor did Redpoint point to any expansive

contractual language that would allow the Court to disregard the corporate structure of the MGA Defendants.

Redpoint next argues Joshua Schlesinger is a fiduciary of Plaintiff pursuant to the Texas Insurance Code because he was a licensed MGA that held money on behalf of Plaintiff—albeit as the principal of Drive Safe. (Id. at 9–10.) Redpoint contends that Drive Safe was a licensed MGA for the insurance company only by virtue of and dependent upon Joshua Schlesinger's individual MGA license. (Id. at 10.) Defendants respond that Redpoint did not appoint Joshua Schlesinger as its managing general agent in his individual capacity (or in any other capacity)—it instead appointed Drive Safe as its managing general agent. (Dkt. # 61 at 5.) The Court agrees.

Absent a contractual obligation imposed on Joshua Schlesinger arising from the MGA Agreements, the Court cannot impose a fiduciary duty onto him. See Lincoln, 787 F.3d at 727 ("[B]ecause a fiduciary duty imposes obligations above and beyond the explicit terms of the contract, Texas courts 'do not create such a relationship lightly.'" (quoting Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 177 (Tex. 1997))).

Finally, a constructive trust is the remedy Redpoint seeks for its breach of fiduciary duty claim. (Dkt. # 16 at 10.) Therefore, the Magistrate Judge recommends the constructive trust claims also be dismissed. (Dkt. # 55 at 9.) For

the same reasons included in Redpoint's objections concerning those fiduciary

duty claims, Plaintiff objects to the recommended dismissal of the constructive

trust claims.  (Dkt. # 59 at 11.)  As discussed above, the Court agrees that

Schlesinger Defendants owe no fiduciary duties to Redpoint and the constructive

trust claims are properly dismissed.

Therefore, the Court **OVERRULES** Plaintiff's Objections to the

recommended dismissal of the breach of fiduciary claims and constructive trust

claims against Schlesinger Defendants

III.    Objection to Dismissal with Prejudice

Redpoint argues the Recommendation should not have dismissed the

conversion claims against the Schlesinger Defendants *with prejudice* because

dismissing without prejudice is a lesser sanction would better serve the interest of

justice.  (Dkt. # 59 at 12.)  Moreover, Redpoint argues the Recommendation did

not reach the 12(b)(2) jurisdiction question raised by Defendants such that

dismissal on jurisdictional grounds would not have been based on the merits and

would have permitted it to pursue his claim in the same or in another forum.  (Id.)

Defendants respond that dismissal with prejudice is warranted because

Redpoint cannot allege any additional facts that would change the legal analysis of

the applicability of the economic-loss rule or the existence of fiduciary duties by

Schlesinger.  (Dkt. # 61 at 5–6.)  The Court agrees.  Where a claim is not

actionable as a matter of law, dismissal with prejudice is appropriate when amending a complaint would be futile.  Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 566 (5th Cir. 2003); Taubenfeld v. Hotels.com, 385 F. Supp. 2d 587, 592 (N.D. Tex. 2004).  Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case.  Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999).

IV.    Recommendation

In sum, the Magistrate Judge recommends Defendants' Motion to Dismiss (Dkt. # 19) be **GRANTED IN PART and DENIED IN PART.**  (Dkt. # 55 at 10.)  Specifically, the Magistrate recommends the motion be denied as to Redpoint's breach of contract claim, granted as to Redpoint's conversion claim, granted as to Redpoint's breach of fiduciary duty and constructive trust claim as to the Schlesinger Defendants, and dismissed as to the Schlesinger Defendants' personal jurisdiction arguments.  (Id.)  After careful consideration, the Court adopts the Magistrate Judge's Recommendation.

No objections were filed regarding the recommendation that the motion to dismiss be denied as to Redpoint's breach of contract claim.  The Court finds Magistrate Judge Lane's breach of contract analysis is reasonable and absent of clear error.  (See Dkt. # 55 at 5–6.)

The Magistrate Judge also recommends that the motion be dismissed as to the Schlesinger Defendants' personal jurisdiction arguments. (Dkt. # 55 at 10.) Because the Magistrate recommended that the conversion claim should be dismissed in its entirety and the breach of fiduciary duty claim should be dismissed against the Schlesinger Defendants, it found that there are no remaining claims against the Schlesingers. (Id.) Accordingly, the recommendation did not reach their personal-jurisdiction arguments. (Id.) The Court finds Judge Lane's conclusion regarding the personal jurisdiction arguments is neither clearly erroneous nor contrary to law.

V.    Motion for Leave to File Amended Complaint

In addition to objecting to the Report and Recommendation, Plaintiff seeks leave to amend its complaint to bring additional claims against the Schlesinger Defendants and replead its conversion claims specifically as to the Schlesinger Defendants. (Dkt. # 59 at 13.) Plaintiff also seeks leave to (1) bring claims against the Schlesinger Defendants for aiding and abetting the Corporate Defendants' breach of fiduciary duties owed to Plaintiff as an alternative to its direct claims of breach of fiduciary duty against the Schlesinger Defendants; and (2) add corporate veil piercing and alter ego claims against the Schlesinger Defendants. (Id. at 14.)

Defendants respond that because amending Redpoint's claims against Schlesinger Defendants would be futile, dismissal with prejudice is warranted and leave to amend should be denied.  (Dkt. # 61 at 6.)

Here, the deadline to amend or supplement pleadings or to join additional parties was set for August 30, 2024.  (Dkt. # 35 at 1.)  The Court thus considers Redpoint's amendment request under Rule 16(b) of the Federal Rules of Civil Procedure before proceeding to the inquiry of whether the amendment is merited under Rule 15(a).  See Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 536 n.4 (5th Cir. 2003) ("[T]he presence of a scheduling order renders the Rule 15 inquiry secondary.").

"A party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."  E.E.O.C. v. Serv. Temps Inc., 679 F.3d 323, 333–34 (5th Cir. 2012).  To determine whether the moving party has established good cause, courts consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  Id. at 334 (quoting Fahim, 551 F.3d at 348).

To provide sufficient explanation for failure to timely move for leave to amend, the moving party must demonstrate more than "mere inadvertence."

15

Am. Tourmaline Fields v. Int'l Paper Co., No. CIV.A.3:96-CV-3363-D, 1998 WL 874825 (N.D. Tex. Dec. 7, 1998). "[T]he movant must show that, *despite his diligence*, he could not have reasonably met the scheduling deadline." Id. (citing 6A Wright, et al., FEDERAL PRACTICE & PROCEDURE, § 1522.1 at 231 (2d ed.1990)) (emphasis added). If the movant "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint," the court may deny the motion for leave to amend. Id. (citing Pallottino v. City of Rio Rancho, 31 F.3d 1023, 1027 (10th Cir. 1994)).

"[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." Great Plaints Tr. Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). A district court may refuse leave to amend based on futility if the complaint, as amended, would be subject to dismissal. Denson v. BeavEx, Inc., 612 F. App'x 754, 758 (5th Cir. 2015) (citing Ackerson v. Bean Dredging LLC, 589 F.3d 196, 208 (5th Cir. 2009)); see also Sw. Bell Tel. Co., 346 F.3d at 547 (taking into consideration "the likely failure of the proposed counterclaims").

The Court finds that Redpoint's proposed amendments will not cure the legal defects of the claims being dismissed. Moreover, all the facts Redpoint

proposes to add in the Third Amended Complaint were within its knowledge at the time Redpoint filed its Second Amended Complaint.  Accordingly, Redpoint has not established good cause to amend its Complaint under Rule 16(b) as a matter of law.  The Court therefore **DENIES** Plaintiff's motion for leave to amend.

<u>CONCLUSION</u>

For the reasons above, the Court **ADOPTS** United States Magistrate Judge Mark Lane's Report and Recommendation in full as the opinion of this Court.  (Dkt. # 55.)  Defendants' Motion to Dismiss is **GRANTED IN PART and DENIED IN PART.**  (Dkt. # 19.)  The Court **DENIES** Plaintiff's Motion for Leave to Amend.  (Dkt. # 59 at 13.)

Redpoint's conversion claim shall be **DISMISSED WITH PREJUDICE** in its entirety and Redpoint's breach of fiduciary duty and constructive trust claim shall be **DISMISSED WITH PREJUDICE** as to Leslie Schlesinger and Joshua Schlesinger.  Further, the motion shall be **DISMISSED WITHOUT PREJUDICE** as to the Schlesinger Defendants' 12(b)(2) personal jurisdiction arguments.

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, February 12, 2025.

_____
David Alan Ezra
Senior United States District Judge